United States District Court
Southern District of Texas
**ENTERED**
May 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VITALIS ONU and DEBRA ONU, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1777 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] is Defendants' Motion for Judgment on the Pleadings (Doc. 14). The court has considered the motion, Plaintiffs' response, Defendants' reply, other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

## I. Case Background

Plaintiffs filed this real property suit in state court to quiet title on their homestead by removing the deed-of-trust lien. Plaintiffs seek a declaration that Defendant U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-efc3 ("US Bank") "is not the valid beneficiary of the deed of trust and that US Bank is not the valid note holder or owner." Defendants timely removed the case to this court.

---

[1]      This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. Doc. 5.

**A.  <u>Factual Background</u>**

On June 22, 2005, Plaintiffs executed a promissory note ("Note") and deed of trust in favor of EquiFirst Corporation ("Original Lender") on their homestead at 8115 Northbridge Drive, Spring, Texas.[2]  The Note explicitly allowed the Original Lender to transfer the Note to a new note holder, who would then be "entitled to receive payments under this Note."[3]

Plaintiffs also executed a Texas Home Equity Security Instrument ("Security Instrument") granting Original Lender a lien on Plaintiffs' homestead and naming Mortgage Electronic Registration Systems, Inc., ("MERS") as beneficiary and nominee for the Original Lender and Original Lender's successors.[4]  The Security Instrument sanctioned the sale of the Note or partial interest in the Note "without prior notice to the borrower" but stated that the borrower was to be given written notice and the address of the new loan servicer.[5]  The Security Instrument

---

[2]   <u>See</u> Doc. 1-3, Ex. C1 to Notice of Removal, Pls.' Original Pet. p.  3.

[3]   Doc. 15-3, Ex. 2 to Pls.' Resp. to Defs.' Mot. for J. on the Pleadings, Tex. Home Equity Adjustable Rate Note p. 1.

[4]   <u>See</u> Doc. 15-4, Ex. 3 to Pls.' Resp. to Defs.' Mot. for J. on the Pleadings, Tex. Home Equity Sec. Instrument p. 3.

[5]   <u>Id.</u> p. 11.

further confirmed the right of the Original Lender or a trustee to foreclose upon the property.[6]

On November 28, 2007, MERS transferred the deed of trust to Defendant US Bank as trustee; on May 1, 2012, the assignment was clarified to identify the trust for which US Bank was the trustee.[7] Both the transfer and the clarification were recorded in Harris County.[8] On February 3, 2015, Defendant US Bank filed an application for non-judicial foreclosure on Plaintiffs' homestead.[9] Plaintiffs assert that they have made payments to Defendants "[b]ased on representations by US Bank and/or [its] agents."[10]

## B.  **Procedural Background**

On June 1, 2015, Plaintiffs filed their original petition in the 189th Judicial District of Harris County, requesting that the court remove cloud and quiet title on their property, issue a

---

[6]     See id. p. 13.

[7]     See Doc. 14-2, Ex. A to Defs.' Mot. for J. on the Pleadings, Assignment of Deed of Trust; Doc. 14-3, Ex. B to Defs.' Mot. for J. on the Pleadings, Assignment of Deed of Trust Dated May 1, 2012.

[8]     See id. Although the court ordinarily considers only those facts contained in or attached to the plaintiff's complaint, the court may consider documents attached to the defendant's motion that are referred to in the plaintiff's complaint and are central to the action. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

[9]     See Doc. 1-3, Ex. C1 to Notice of Removal, Pls.' Original Pet. p. 3; Doc. 15-5, Ex. 4 to to Pls.' Resp. to Defs.' Mot. for J. on the Pleadings, Notice of Foreclosure Sale; In re Order for Foreclosure Concerning 8115 Northbridge, Cause No. 2015-06019, 333d Judicial Dist., Harris Cty.

[10]     See Doc. 1-3, Ex. C1 to Notice of Removal, Pls.' Original Pet. p. 3.

declaratory judgment precluding foreclosure, and declare Defendants' claim to the deed of trust void.[11]   On June 2, 2015, Defendants removed the action to this court.[12]   On September 22, 2015, Defendants filed a motion for judgment on the pleadings.[13] The court now addresses Defendants' motion.

## II.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  The standards used for considering motions under Rules 12(c) and 12(b)(6) are the same.  <u>Gentilello v. Rege</u>, 627 F.3d 540, 543-44 (5th Cir. 2010).

When considering an action to dismiss under Rule 12(b)(6), the court should interpret all allegations in the plaintiff's complaint favorably to the plaintiff, and accept as true all well-pleaded facts.  <u>True v. Robles,</u> 571 F.3d 412, 417 (5th Cir. 2009).  To avoid dismissal for failure to state a claim upon which relief may be granted, the action considered must be facially plausible; that is, it must contain sufficient factual detail to allow a reasonable court to infer the defendant's

---

[11]   <u>Id.</u> pp. 4-7.

[12]   <u>See</u> Doc. 1, Notice of Removal.

[13]   <u>See</u> Doc. 14, Defs.' Rule 12(c) Mot. for J. on the Pleadings.

4

liability for misconduct. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). An action that suggests only the possibility of the defendant's misconduct is implausible on its face and may not survive a motion for dismissal. <u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 796 (5th Cir. 2011).

## III. Discussion

Central to Plaintiffs' original petition is their allegation that Defendants are strangers to the property with no right to foreclose upon it. In both their original petition and their response to Defendants' motion, Plaintiffs state that Defendants have not "produced evidence that [they are] the current Holder of the Note or the [deed of trust]."[14] However, this "show-me-the-note" theory has been roundly rejected by the Fifth Circuit, which consistently asserts that mortgage servicers are entitled to foreclose even without producing the original note. <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 253 (5th Cir. 2013)(quoting <u>Wells v. BAC Home Loans Servicing, L.P.</u>, Civil Action No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011)(unpublished)).

In their response, Plaintiffs further allege that Defendants failed to comply with Texas Property Code § 51.0025 ("Section 51.0025") because Plaintiffs never "entered into an agreement

---

[14]     <u>See</u> Doc. 15, Pls.' Resp. p. 3.

granting the mortgage servicer authority to service the mortgage."[15]  The court "generally . . . does not base its decision on allegations raised for the first time in the motion to dismiss or the plaintiff's response." Hearn v. Deutsche Bank Nat'l Tr. Co., Civil Action No. 3:13-CV-2417-B, 2014 WL 4055473, at *4 n.3 (N.D. Tex. Aug. 15, 2014)(citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)).  In any case, Plaintiffs' claims that Defendants failed to comply with Section 51.0025 of the Texas Property Code fail, as Plaintiffs signed the Security Instrument, which granted the Original Lender's successors the right to foreclose upon the property.

Defendants have attached two publicly filed assignments of the deed of trust to their motion.  These assignments serve as evidence of Defendants' right to foreclose upon the property as possessors of the deed of trust and as successors of the Original Lender, in compliance with Plaintiffs' signed Security Instrument.  Plaintiffs' response reiterates their claim that "a title examination of Harris County real property records shows no evidence of Defendant's [sic] ownership" but, at the same time, does not dispute the validity of Defendants' attachments, including the publicly filed assignments.[16]  The court takes

---

[15]    See id. p. 7 (quoting Tex. Prop. Code § 51.0025(1)).

[16]    Id. p. 3.

judicial notice of these publicly filed documents as allowed under Fifth Circuit precedent. <u>See</u> <u>Lovelace v. Software Spectrum Inc.</u>, 78 F.3d 1015, 1017-1018 (5th Cir. 1996)(considering public-disclosure documents filed in compliance with requirements of the Securities and Exchange Commission); <u>Iroh v. Bank of Am.</u>, Civil Action No. H-15-CV-1601, 2015 WL 9243826, at *3 (S.D. Tex. Dec. 17, 2015)(slip copy)(quoting <u>R2 Invs. LDC v. Phillips</u>, 401 F.3d 638, 640 n.2 (5th Cir. 2005))(stating that a court may "take judicial notice of documents in the public record . . ., and may consider such documents in determining a motion to dismiss").

Plaintiffs' bald allegations that Defendants are strangers to the property are insufficient to allow the court to infer the plausibility of Plaintiffs' claims and, moreover, are disputed by publicly filed records of which the court takes judicial notice. Therefore, Plaintiffs cannot maintain their cause of action to remove cloud and quiet title.

Plaintiffs' response discusses the Texas Uniform Declaratory Judgments Act[17] in significant detail.  They argue that a suit for declaratory relief need not be supported by an independent cause of action.  To the contrary, the Texas Uniform Declaratory

---

[17]     <u>See</u> Tex. Civ. Prac. & Rem. Code §§ 37.001-37.011.

Judgments Act[18] only provides a remedy for viable causes of action. See Wilmington v. Bay Area Utils., LLC, Civil Action No. H-15-3031, 2015 WL 7779332, at *5 (S.D. Tex. Dec. 2, 2015). Absent a viable claim to remove cloud and quiet title, Plaintiffs cannot prevail on their request for declaratory judgment.

As Plaintiffs' action is facially implausible and contains no claim upon which relief may be granted, their lawsuit should be dismissed.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[18] This action is before the court on diversity jurisdiction, which means that the court applies federal procedural law and state substantive law. See Camacho v. Tex. Workforce Comm'n, 445 F.3d 407, 409 (5th Cir. 2006). The Texas Uniform Declaratory Judgments Act is procedural, not substantive. Camacho, 445 F.3d at 409. In federal court, then, the Federal Declaratory Judgment Act applies, which also requires an actual controversy. See 28 U.S.C. § 2201(a); Camacho, 445 F.3d at 409.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this $\underline{17}^{th}$ day of May, 2016.

_____
U.S. MAGISTRATE JUDGE